Donna M. HANSELL; Christopher Hansell, a minor by and through his Guardian Ad Litem, Theodore F.L. Housel, Esquire; Shannon D'Alessandro and Vincent D'Alessandro,* minors by and through their Guardian Ad Litem, Theodore F.L. Housel, Esquire; Lawrence James D'Alessandro, Jr.; Carl Christopher Hansell, Appellants,

v.

The CITY OF ATLANTIC CITY; Atlantic City Police Department, a subdivision of the City of Atlantic City; Nicholas V. Rifice; John J.J. Mooney; John Doe(s) A–Z, fictitious name(s) i/j/s/a; Robert Reilly, Michelle A. Polk; Robert A. Schwartz, individually and in their official capacity; Kirk Sutton,

v.

John J. Mooney, Defendant/Third–Party Plaintiff,

v.

Lawrence James D'Alessandro, Third–Party Defendant.

No. 01–2908.

United States Court of Appeals, Third Circuit.

Argued July 22, 2002.

Decided Aug. 22, 2002.

---

* Vincent D'Alessandro was listed in the complaint in the District Court but not on the Court of Appeals docket. Because he is listed in the notice of appeal, we include him in the caption.

Frances A. Hartman (Argued), Attorneys Hartman, Chartered, Moorestown, New Jersey, for Appellants.

Charles A. Ercole (Argued), Mary B. Halfpenny, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Cherry Hill, New Jersey, for Appellee, City of Atlantic City.

Joseph G. Antinori (Argued), Fox, Rothschild, O'Brien & Frankel, LLP, Atlantic City, New Jersey, for Appellee, Nicholas V. Rifice.

James P. Savio (Argued), Margate, New Jersey, for Appellee, Kirk Sutton.

Before SLOVITER, NYGAARD, and BARRY, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

Appellants Donna Hansell, Carl Christopher Hansell, Shannon D'Alessandro, Vincent D'Alessandro, Larry D'Alessandro Jr., and Christopher Hansell, plaintiffs in the District Court, appeal the grant of summary judgment to appellees City of Atlantic City, Nicholas Rifice, and Kirk Sutton. Because we write for the parties who are familiar with the facts, we need not review them in any detail.

The suit filed by plaintiffs arose out of an incident in which Larry D'Alessandro Sr., Donna Hansell's former husband, shot his way into the Hansell home and briefly held hostage Shannon D'Alessandro (the daughter of Larry D'Alessandro, Sr. and Donna Hansell), Carl Christopher Hansell and Christopher Hansell, Donna Hansell's current husband and their son. At the time, Larry D'Alessandro was a member of the Atlantic City Police Department (Police Department). Plaintiffs sued under 42 U.S.C. § 1983 (2002), alleging a state-created danger and failure to train or supervise D'Alessandro and the other officers. They also included claims based on New Jersey state tort law.

Plaintiffs originally also sued several individual Atlantic City police officers, but all were dismissed other than former Chief of Police Nicolas Rifice and former Internal Affairs Sergeant Kirk Sutton. Defendant, the City of Atlantic City, represents the Police Department. The defendants moved for summary judgment, which the District Court granted. This timely appeal followed.

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367 (2002), and this court has jurisdiction pursuant to 28 U.S.C. § 1291 (2002).

### II.

After reviewing the briefs and the record, and hearing oral argument, we conclude that we must affirm. Plaintiffs' principal argument is based on the state-created danger theory asserted under 1983. Under that theory, as set forth in *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir.1996) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1152 (3d Cir.1995)), plaintiffs must show that "(1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in will-

ful disregard for the safety the plaintiff; (3) there existed some relationship between the state and the plaintiff; (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur." In a later refinement of the second prong of that theory, we required plaintiffs to show that "the state's actions must evince a willingness to ignore a foreseeable danger or risk." *Morse v. Lower Merion School District,* 132 F.3d 902, 910 (3d Cir.1997).

■ In this case, plaintiffs contend that the fact that D'Alessandro was permitted to retain his service revolver, which he used to effect the hostage taking, provided the element of state-created danger, as did the Police Department's failure to properly investigate complaints of domestic violence against D'Alessandro. However, although plaintiff Donna Hansell points to several instances in which she notified a defendant of some domestic disturbance, those instances were spread over a period of time and were unspecific. The most specific, as well as most recent, reported incident (and it did not involve Ms. Hansell) appears to have been negligently overlooked by defendant Sutton, who was carrying a heavy workload. We thus conclude that the defendants were not sufficiently notified of the danger to the plaintiffs for the hostage taking to be considered foreseeable under the state-created danger theory. The plaintiffs' claim under the state-created danger theory under § 1983 thus fails.

■ Regarding the claim on the failure to train under § 1983, after being provided with extensive discovery the plaintiffs can only point to the Police Department's handling of the complaints against D'Alessandro. This one case fails to show a pattern or practice of ignoring domestic violence

complaints against police officers. Although we are concerned as to how acts of domestic violence by police officers are treated by the Police Department, plaintiffs have not shown that the City of Atlantic City displayed " 'deliberate indifference' to the rights of persons with whom [its] employees will come into contact," namely, victims of acts of domestic violence by police officers. *Carter v. City of Philadelphia,* 181 F.3d 339, 357 (3d Cir.1999) (quoting *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Therefore, plaintiffs have not provided sufficient evidence to support a claim under § 1983 for failure to train or supervise.

■ Finally, because the injuries alleged were psychological rather than physical, plaintiffs did not suffer compensable injuries under the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:9–2(d) (West 2002), as interpreted by the New Jersey courts. *Ayers v. Township of Jackson,* 106 N.J. 557, 525 A.2d 287 (1987).

### III.

For the reasons set forth above, we will affirm the District Court's grant of summary judgment to the City of Atlantic City, Nicolas Rifice and Kirk Sutton.